1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL S. LEINER,                    )   Case No. CV 12-6231 JC
                                      )
                 Plaintiff,           )
                                      )   MEMORANDUM OPINION
          v.                          )
                                      )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social                )
Security,                             )
                                      )
                 Defendant.           )
_____      )

I.    SUMMARY

        On August 4, 2012, plaintiff Michael S. Leiner ("plaintiff") filed a
Complaint seeking review of the Commissioner of Social Security's denial of
plaintiff's application for benefits.  The parties have consented to proceed before a
United States Magistrate Judge.

        This matter is before the Court on the parties' cross motions for summary
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
Court has taken both motions under submission without oral argument.  See Fed.
R. Civ. P. 78; L.R. 7-15; August 8, 2012 Case Management Order ¶ 5.
///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On September 22, 2009, plaintiff filed an application for Disability

7    Insurance Benefits.  (Administrative Record ("AR") 146).  Plaintiff asserted that

8    he became disabled on May 10, 2009, due to panic disorder, diabetes, depression,

9    hernias, left drop foot, sleep apnea, left and right adhesive encapsulitis,

10   neuropathy of left leg and ankle, and anxiety.  (AR 191).  The ALJ examined the

11   medical record and heard testimony from plaintiff (who was represented by

12   counsel), a medical expert, and a vocational expert on November 30, 2010.  (AR

13   56-96).

14   On December 29, 2010, the ALJ determined that plaintiff was not disabled

15   through the date of the decision.  (AR 20-29).  Specifically, the ALJ found:

16   (1) plaintiff suffered from the following severe impairments:  diabetes, hernia, left

17   foot drop, neuropathy, and depression (AR 22); (2) plaintiff's impairments,

18   considered singly or in combination, did not meet or medically equal a listed

19   impairment (AR 22); (3) plaintiff retained the residual functional capacity to

20   perform sedentary work (20 C.F.R. § 404.1567(a)) with certain additional

21   limitations[2] (AR 23-24); (4) plaintiff could not perform his past relevant work (AR

22

23   [1]The harmless error rule applies to the review of administrative decisions regarding
     disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of
24   application of harmless error standard in social security cases) (citing, *inter alia*, Stout v.
     Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).
25

26   [2]The ALJ determined that plaintiff:  (i) could perform sedentary work; (ii) could lift/carry
     10 pounds occasionally and frequently; (iii) could occasionally use the bilateral feet; (iv) could
27   not climb ladders, ropes or scaffolds; (v) could do no more than occasional climbing of
     ramps/stairs, balancing, crouching, crawling, kneeling, or stooping; (vi) could do no more than
28                                                                                  (continued...)

1   27); (5) there are jobs that exist in significant numbers in the national economy
2   that plaintiff could perform, specifically addresser and bench assembler (AR 28);
3   and (6) plaintiff's allegations regarding his limitations were not credible to the
4   extent they were inconsistent with the ALJ's residual functional capacity
5   assessment (AR 24).
6        The Appeals Council denied plaintiff's application for review.  (AR 1).
7   **III.   APPLICABLE LEGAL STANDARDS**
8        **A.   Sequential Evaluation Process**
9        To qualify for disability benefits, a claimant must show that the claimant is
10   unable "to engage in any substantial gainful activity by reason of any medically
11   determinable physical or mental impairment which can be expected to result in
12   death or which has lasted or can be expected to last for a continuous period of not
13   less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)
14   (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The
15   impairment must render the claimant incapable of performing the work claimant
16   previously performed and incapable of performing any other substantial gainful
17   employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094,
18   1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).
19        In assessing whether a claimant is disabled, an ALJ is to follow a five-step
20   sequential evaluation process:
21        (1)   Is the claimant presently engaged in substantial gainful activity?  If
22              so, the claimant is not disabled.  If not, proceed to step two.
23   ///
24

25   ————————————
26   [2](...continued)
     occasional overhead reaching bilaterally; (vii) needed to avoid concentrated exposure to extreme
27   heat/cold, wetness, humidity and noise; (viii) needed to avoid moderate exposure to vibration;
     (ix) could not work at heights; and (x) could have no more than occasional contact with
28   coworkers, and could have no public contact.  (AR 23-24).

3

1      (2)    Is the claimant's alleged impairment sufficiently severe to limit

2               the claimant's ability to work?  If not, the claimant is not

3               disabled.  If so, proceed to step three.

4      (3)    Does the claimant's impairment, or combination of

5               impairments, meet or equal an impairment listed in 20 C.F.R.

6               Part 404, Subpart P, Appendix 1?  If so, the claimant is

7               disabled.  If not, proceed to step four.

8      (4)    Does the claimant possess the residual functional capacity to

9               perform claimant's past relevant work?  If so, the claimant is

10               not disabled.  If not, proceed to step five.

11      (5)    Does the claimant's residual functional capacity, when

12               considered with the claimant's age, education, and work

13               experience, allow the claimant to adjust to other work that

14               exists in significant numbers in the national economy?  If so,

15               the claimant is not disabled.  If not, the claimant is disabled.

16 Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

17 Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

18 1110 (same).

19       The claimant has the burden of proof at steps one through four, and the

20 Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

21 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

22 v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

23 proving disability).

24     **B.    Standard of Review**

25       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

26 benefits only if it is not supported by substantial evidence or if it is based on legal

27 error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

28 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

1  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
2  mind might accept as adequate to support a conclusion."  Richardson v. Perales,
3  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
4  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
5  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

6       To determine whether substantial evidence supports a finding, a court must
7  "'consider the record as a whole, weighing both evidence that supports and
8  evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.
9  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d
10  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
11  or reversing the ALJ's conclusion, a court may not substitute its judgment for that
12  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

13  **IV.  DISCUSSION**
14  **A.    The ALJ Properly Evaluated the Medical Opinion Evidence**
15  **1.    Pertinent Law**
16       In Social Security cases, courts employ a hierarchy of deference to medical
17  opinions depending on the nature of the services provided.  Courts distinguish
18  among the opinions of three types of physicians:  those who treat the claimant
19  ("treating physicians") and two categories of "nontreating physicians," namely
20  those who examine but do not treat the claimant ("examining physicians") and
21  those who neither examine nor treat the claimant ("nonexamining physicians").
22  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A
23  treating physician's opinion is entitled to more weight than an examining
24  physician's opinion, and an examining physician's opinion is entitled to more
25  ///
26  ///
27  ///
28  ///

5

weight than a nonexamining physician's opinion.[3]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons.  Orn, 495 F.3d at 632 (citation and internal quotations omitted).  The ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  Id. (citation and internal quotations omitted).  "The ALJ must do more than offer his conclusions."  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct."  Id.  "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice.  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  These standards also apply to opinions of examining physicians.  See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester, 81 F.3d at 830-31; Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

---

[3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

1                    **2.    Analysis**

2          On January 14, 2010, Dr. Michael S. Wallack, a consultative examining

3  physician, conducted a Complete Internal Medicine Evaluation which included a

4  physical examination of plaintiff.  (AR 390-96).  Dr. Wallack diagnosed plaintiff

5  with, *inter alia*, "diabetes mellitus type I [in] fair control," and opined that plaintiff

6  (1) could lift and carry 50 pounds occasionally and 25 pounds frequently;

7  (2) could occasionally do postural activities; and (3) needed to work in an

8  environment "where he [could] check his sugars regularly and receive insulin as

9  needed."  (AR 395-96).

10         Plaintiff contends that a remand or reversal is required because the ALJ

11  failed properly to consider Dr. Wallack's specific opinion regarding plaintiff's

12  limitations related to diabetes (*i.e.*, that plaintiff could only work in an

13  environment where he could check his sugars regularly and receive insulin as

14  needed) and, as a result, the ALJ failed properly to assess plaintiff's residual

15  functional capacity.  (Plaintiff's Motion at 3-8) (citing, *inter alia*, AR 396).  The

16  Court disagrees.

17         First, in the administrative decision, the ALJ expressly noted Dr. Wallack's

18  opinion that plaintiff "could . . . work [only] in an environment where he could

19  check his sugars regularly and receive insulin as needed."  (AR 25) (citing Exhibit

20  4F at 7 [AR 396]).  The ALJ gave less weight to Dr. Wallack's overall opinions

21  regarding plaintiff's abilities, however, since the examining physician's

22  assessment that plaintiff essentially retained "medium residual functional

23  capacity" was not supported by the objective medical evidence.  (AR 27).  Plaintiff

24  concedes that some portions of Dr. Wallack's opinions regarding plaintiff's

25  physical limitations "were properly rejected as inconsistent with the record."

26  (Plaintiff's Motion at 3).  In light of the foregoing, and the ALJ's detailed

27  discussion of the medical evidence in general, it is reasonable to infer that the

28  ALJ's residual functional capacity assessment – which essentially limited plaintiff

1    to no more than sedentary work – accounted for any "medium" functional
2    limitation related to plaintiff's diabetes found by Dr. Wallack.  See Thomas v.
3    Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out
4    detailed and thorough summary of facts and conflicting clinical evidence, stating
5    his interpretation thereof, and making findings) (citations and quotations omitted);
6    Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to
7    reject a physician's opinion – court may draw specific and legitimate inferences
8    from ALJ's opinion).

9           Second, plaintiff fails to demonstrate that his diabetes caused any significant
10    work limitations beyond those already accounted for in the ALJ's residual
11    functional capacity assessment.  As the ALJ noted, both Dr. Wallack and at least
12    one other physician found that plaintiff's diabetes was adequately controlled by
13    plaintiff's insulin.  (AR 25-26) (citing Exhibits 4F at 7 [AR 396], 11F at 27 [AR
14    455]).  Impairments that can be controlled effectively with medication are not
15    disabling for the purpose of determining eligibility for benefits.  Warre v.
16    Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir.
17    2006) (citation omitted).  Plaintiff's lay assessment that his limitations related to
18    diabetes would have "significant vocational ramifications and could seriously
19    erode and/or completely diminish the occupational base" (Plaintiff's Motion at 6)
20    is insufficient to satisfy plaintiff's burden to establish disability.  Cf. Gonzalez
21    Perez v. Secretary of Health & Human Services, 812 F.2d 747, 749 (1st Cir. 1987)
22    (ALJ may not "substitute his own layman's opinion for the findings and opinion of
23    a physician"); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (ALJ may
24    not substitute his interpretation of laboratory reports for that of a physician);
25    Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal. Oct.15, 2003) ("The
26    ALJ is not allowed to use his own medical judgment in lieu of that of a medical
27    expert.").
28    ///

1   Finally, to the extent the ALJ erred by not expressly rejecting Dr. Wallack's

2   opinion regarding plaintiff's limitations related to diabetes, or to include such

3   limitations in the residual functional capacity assessment for plaintiff, the Court

4   concludes that any such error was harmless since neither Dr. Wallack, nor any

5   other physician in the record, opined that plaintiff could not work for any twelve-

6   month period.  See Matthews v. Shalala, 10 F.3d 678, 680-81 (9th Cir. 1993) (in

7   upholding the Commissioner's non-disability decision, the Court emphasized:

8   "None of the doctors who examined [claimant] expressed the opinion that he was

9   totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir.

10  1990) (upholding Commissioner and noting that after surgery, no doctor suggested

11  claimant was disabled).

12          Accordingly, a remand or reversal on this basis is not warranted.

13          **B.      The ALJ Posed a Complete Hypothetical Question to the**

14                  **Vocational Expert**

15          Plaintiff contends that a reversal or remand is appropriate because the ALJ

16  erroneously omitted from the hypothetical question posed to the vocational expert

17  Dr. Wallack's finding that plaintiff was limited to work that would permit plaintiff

18  to check his sugar levels and administer insulin as needed.  (Plaintiff's Motion at

19  8-10).  The Court disagrees.

20          A hypothetical question posed by an ALJ to a vocational expert must set out

21  all the limitations and restrictions of the particular claimant.  Light v. Social

22  Security Administration, 119 F.3d 789, 793 (9th Cir. 1997) (citing Andrews, 53

23  F.3d at 1044); Embrey, 849 F.2d at 422 ("Hypothetical questions posed to the

24  vocational expert must set out *all* the limitations and restrictions of the particular

25  claimant . . . .") (emphasis in original; citation omitted).  However, an ALJ's

26  hypothetical question need not include limitations not supported by substantial

27  evidence in the record.  Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir.

28  2001) (citation omitted).

1    As discussed above, the ALJ properly gave little weight to Dr. Wallack's

2 "medium" residual functional capacity assessment for plaintiff. Accordingly, the

3 ALJ properly omitted any limitation related to plaintiff's severe impairment of

4 diabetes from the hypothetical questions posed to the vocational expert.

5 Moreover, plaintiff fails to demonstrate any limitations stemming from plaintiff's

6 diabetes beyond those already accounted for in the ALJ's residual functional

7 capacity assessment. See Burch, 400 F.3d at 679 (plaintiff bears burden to

8 establish disability).

9    Accordingly, a remand or reversal on this basis is not warranted.

10 **V.    CONCLUSION**

11    For the foregoing reasons, the decision of the Commissioner of Social

12 Security is affirmed.

13    LET JUDGMENT BE ENTERED ACCORDINGLY.

14 DATED:  January 7, 2013

15                                    _____/s/_____

16                                    Honorable Jacqueline Chooljian
                                     UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                        10